IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| LM Insurance Corporation, | Civil Action No. 8:20-cv-04417-HMH |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| DD&C Investment & Construction Group, Inc., | |
| Defendant. | |

Plaintiff LM Insurance Corporation ("Plaintiff") complaining of Defendant DD&C Investment & Construction Group, Inc ("Defendant"), would respectfully show the Court the following:

**PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of Illinois with its principal place of business in Boston, Massachusetts.

2. Upon information and belief, Defendant DD&C Investment & Construction Group, Inc. is a corporation organized and existing under the laws of South Carolina, with its principal place of business in Clemson, South Carolina.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

4.      Venue is proper in the District of South Carolina, Anderson Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district.

## FACTS

5.      On June 9, 2012, Defendant submitted an application for worker's compensation and employer's liability insurance to Plaintiff. Beginning in 2012, Plaintiff began providing worker's compensation and employer's liability insurance to Defendant.

6.      On June 27, 2017, Plaintiff issued worker's compensation and employer's liability insurance to and for the benefit of Defendant. A copy of this policy, which bears Policy No. WC5-35S-528834-017, is attached hereto as **Exhibit 1**.

7.      At the conclusion of the policy period, an audit was performed for Policy No. WC5-35S-528834-017 for the policy period of June 24, 2017 through June 24, 2018. Plaintiff conducted this audit as part of their standard, routine practice on all policies. The findings of the audit included a determination that the business operations had been grossly understated and that, as a result, additional premiums were due to Plaintiff by Defendant.

8.      Based on the audit performed, a determination was made that the total premium owed by Defendant for worker's compensation and employer's insurance during the stated period was $876,294.71.

9.      On April 17, 2019, Plaintiff sent Defendant an invoice showing the outstanding balance due of $876,294.71. A copy of this invoice is attached hereto as **Exhibit 2**. Defendant did not promptly pay the additional premiums of $876,294.71, and at this time, still has not paid the full amount due to Plaintiff, in spite of numerous and frequent demands for payment.

10.    In January 2019, Plaintiff re-wrote the worker's compensation and employer's liability insurance policy issued to Defendant. A copy of this policy, which bears Policy No. WC5-35S-528834-028, is attached hereto as **Exhibit 3**.

11.    Defendant cancelled this Policy No. WC5-35S-528834-028 in March 15, 2019.

12.    Following the cancellation of this policy, an audit was performed for Policy No. WC5-35S-528834-028 for the policy period of June 24, 2018 through March 15, 2019. The findings of the audit included a determination that the business operations had again been understated and that, as a result, additional premiums were due to Plaintiff by Defendant.

13.    Based on the audit performed, a determination was made that the total premium owed by Defendant for worker's compensation and employer's insurance during the stated period was $93,107.00.

14.    On August 26, 2019, Plaintiff sent Defendant an invoice showing new charges totaling $93,107.00 and an outstanding balance totaling $937,253.71. A copy of this invoice is attached hereto as **Exhibit 4**. Defendant did not promptly pay the outstanding balance of $937,253.71, and at this time, still has not paid the additional monies due Plaintiff, in spite of numerous and frequent demands for payment.

15.    On October 23, 2020, a statement account was generated for Policy No. WC5-35S-528834-017. The Statement of Account for Policy No. WC5-35S-528834-017 credited Defendant for payments previously remitted in the amount of $26,600.29. After crediting these payments along with other account adjustments, the total final premium due for Policy No. WC5-35S-528834-017 was $857,415.71. A copy of the Statement of Account for Policy No. WC5-35S-528834-017 is attached hereto as **Exhibit 5**.

16. On October 1, 2020, a statement account was generated for Policy No. WC5-35S-528834-028. The Statement of Account for Policy No. WC5-35S-528834-028 credited Defendant for payments previously remitted in the amount of $28,250.29. After crediting this payment and applying credit from the prior year, the total final premium due for Policy No. WC5-35S-528834-028 was $93,107.00. A copy of the Statement of Account for Policy No. WC5-35S-528834-028 is attached hereto as **Exhibit 6**.

17. Defendant has failed and refused to pay the additional premiums due Plaintiff, and at this time continues to owe Plaintiff a total of $950,522.71.

18. At the present time, Plaintiff claims Defendant owes Plaintiff the principal amount of $950,522.71 in unpaid worker's compensation and employer's liability insurance premiums on Policy Nos. WC5-35S-528834-017 and WC5-35S-528834-028 and claims that Defendant owes the Plaintiff interest on said unpaid debt, as determined by the Court.

### FOR A FIRST CAUSE OF ACTION
**(Verified Statement of Account)**

19. Plaintiff alleges and incorporates the preceding paragraphs as if set forth fully herein.

20. Plaintiff claims of Defendant the principal sum of $950,522.71 plus interest as determined by the court, based on the attached verified statements of account, as of October 19, 2018.

### FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

21. Plaintiff alleges and incorporates the preceding paragraphs as if set forth fully herein.

22.     On or about June 24, 2017, Plaintiff and Defendant entered into a valid and enforceable contract whereby Plaintiff was to provide worker's compensation and employer's liability insurance coverage to cover and protect Defendant's business operations, and Defendant agreed to pay premiums for said insurance, in accordance with the schedules under the policy.

23.     Pursuant to the terms of the contract, Plaintiff provided worker's compensation and employer's liability insurance for Defendant's business operations from June 24, 2018 to March 15, 2019. An audit of Defendant's business after the policy periods determined that the total premium expense for the worker's compensation and employer's liability insurance provided Defendant by Plaintiff during this policy period was $877,645.00 for Policy No. WC5-35S-528834-017 and $93,107.00 for Policy No. WC5-35S-528834-028. After crediting payments and other adjustments, a total premium of $950,522.71 is still due.

24.     Defendant has failed and refused to pay Plaintiff the total due under this insurance coverage.

25.     By failing to pay the premiums due Plaintiff, Defendant has breached the contract between Plaintiff and Defendant.

26.     As a result of the breach of the contract by Defendant, Plaintiff has suffered damages. Specifically, Plaintiff has been deprived of the proper amount of money to which it is entitled for providing worker's compensation and employer's general liability insurance to Defendant's business operations from June 24, 2018 to March 15, 2019. Those damages amount to $950,522.71, plus interest at the South Carolina statutory rate in an amount to be determined by the court on said amount from the date of this complaint until the debt is paid or judgment entered.

**WHEREFORE**, having fully set forth its Complaint, Plaintiff demands try by nonjury and prays for the following:

(a) Judgment against Defendant in the total claim amount of $950,522.71.

(b) For the costs and disbursements of this action together with reasonable attorney's fees; and

(c) For such other and further relief as the Court may deem just and proper.

ROBINSON GRAY STEPP & LAFFITTE, LLC

s/Benjamin R. Gooding
J. Calhoun Watson, Esq. (SC Bar No. 10089)
Benjamin Rogers Gooding, Esq. (SC Bar No. 100620)
Robinson Gray Stepp & Laffitte, LLC
1310 Gadsden Street
Post Office Box 11449
Columbia, SC 29211
(803) 929-1400 Telephone
(803) 929-0300 Facsimile
cwatson@robinsongray.com
bgooding@robinsongray.com

Columbia, South Carolina
December 21, 2020